William R. Mitchell [SBN: 101858]
WILLIAM R. MITCHELL, INC.
101 Pacifica, Suite 155
Irvine, CA 92618
Telephone: (949) 679-6920
Facsimile: (949) 398-7300
Email: bill@wrmbizlaw.com

Attorneys for Defendants
AMERICAN FINANCIAL SUPPORT SERVICES, INC.,
US FINANCIAL FREEDOM CENTER, INC., and
JAY SINGH

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FINANCIAL SUPPORT SERVICES, INC., et al.,<br><br>Defendants. | Civil No. SACV 19-02109JVS (ADSx)<br><br>**DEFENDANTS OPPOSITION TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH** |

TO THE HONORABLE COURT AND PARTIES TO THIS MATTER:

Defendants, AMERICAN FINANCIAL SUPPORT SERVICES, INC. ("AFSS"), US FINANCIAL FREEDOM CENTER, INC. ("USFFC"), and JAY SINGH ("SINGH") collectively referred to herein as "Defendants" hereby Respond to the Order to Show Cause Why a Preliminary Injunction With Asset Freeze, Appointment of Temporary Receiver, And Other Equitable Relief Should Not Issue as requested by Plaintiff FEDERAL TRADE COMMISSION'S ("FTC" or "Plaintiff").

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

1

Specifically, Defendants oppose the request for preliminary injunction in part with respect to the portion of the order to freeze assets, particularly as to SINGH. Defendants do not oppose the appointment of the Receiver or the prohibition on business activities.

This Court issued a Temporary Restraining Order ("TRO") on November 4, 2019. The TRO was issued pursuant to Federal Rule of Civil Procedure ("FRCP") 65(b) and Local Rule 7-19.2 and with a waiver of the notice requirements set forth in the rules. Section III of the TRO concerns the Asset Freeze which is hereby opposed. Section III places a freeze on all of Defendants' assets that are owned, controlled, directly or indirectly, by any Defendant, held in part, or in whole, or for the benefit for any Defendant, in the actual or constructive possession of any Defendant, or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, and

> "The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order…."

Plaintiff has brought an application for permanent injunction over Defendants' assets based upon Section 13(b) of the Federal Trade Commission Act ("FTCA"), §15 U.S.C. §53(b). Defendants do not contest the authority of the court to issue an injunction to restrain the conduct alleged to be in violation of §5 of the FTCA, 15 U.S.C. §45(a). However, Defendant's take issue with the authority of the Court to include an order to freeze Defendants' assets.

The Plaintiff's request for orders to freeze Defendants' assets is based on Plaintiff's request for remedies in the form of restitution, disgorgement of profits and damages. Based on the recent ruling in *FTC v. Credit Bureau Center, LLC*, et al. Case Nos. 18-2847 & 18-3310 (7th Cir. 2019), the Seventh Circuit held that section 13(b) of the FTCA, does not authorize an award of restitution -- "section 13(b)'s permanent-injunction provision does not authorize monetary relief." In the decision the court specifically addressed the distinction between the type of remedies available under section 13(b), which language provided for injunctive relief, and equitable remedies for past conduct-- "Section 13(b) serves a different, forward-facing role: enjoining ongoing and imminent future violations."

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

2

1   Further, Plaintiff has also brought this request for injunctive relief under 15 U.S.C. 57(b). The remedies of restitution and/or damages are only available under 15 U.S.C. §57(b) with respect to those *knowing* violations of 45(b) following a final cease and desist order issued by the Commission and after notice of the final order as provided for in the Code. See 15 U.S.C. §57. Plaintiff did not proceed with the administrative remedies of a cease and desist order. Therefore, there is no remedy for restitution or damages under that section upon which Plaintiff might prevail.

Based on the foregoing, Defendant's oppose the request for preliminary injunction under Section III of the Temporary Restraining Order entitled "ASSET FREEZE."

This opposition to the request for preliminary injunction is based upon the Memorandum of Points and Authorities and Declaration of Jay Singh filed concurrently herewith.

DATED: November 12, 2019         WILLIAM R. MITCHELL, INC.

By: _____
William R. Mitchell
Attorneys for Defendants
AMERICAN FINANCIAL SUPPORT SERVICES, INC., US FINANCIAL FREEDOM CENTER, INC., JAY SINGH

---

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. PRELIMINARY STATEMENT

On November 4, 2019, Plaintiff filed a complaint under seal and sought a no notice ex parte Temporary Restraining Order which included an Asset Freeze over all Defendants ("TRO"). The TRO included an Order to Show Cause why the Preliminary Injunction Should Not Issue and set the matter for hearing on November 18, 2019. The Order of this court set forth the basis for granting the TRO which included a finding of "good cause that Defendants engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. pt. 310, and that Plaintiff is therefore likely to prevail on the merits of this action." (TRO at Findings of Fact ("FOF") at C). The court also found that there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective relief for consumers – including monetary restitution, rescission, disgorgement or refunds – will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court …Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, permitting the Receiver and the Plaintiff take immediate access to the Defendants' business premises, and permitting the Receiver and the Plaintiff to take expedited discovery." (TRO at FOF E & F.)

Defendants AMERICAN FINANCIAL SUPPORT SERVICES, INC. ("AFSS"), US FINANCIAL FREEDOM CENTER, INC. ("USFFC"), and JAY SINGH ("SINGH") collectively referred to herein as "Defendants" hereby oppose the portion of the TRO that places a freeze on Defendants assets. Defendants opposition to the freeze on assets follows the recent holding in *FTC v. Credit Bureau Center, LLC*, et al. Case Nos. 18-2847 & 18-3310 (7th Cir. 2019) wherein the seventh circuit court held that there was no legal authority to award restitution, damages, or disgorgement of profits under Section 13(b) of the Federal Trade Commission Act ("FTCA"), §15 U.S.C. §53(b). Defendants respectfully request this court to follow the decision of the seventh circuit court and to conclude that there would be no authority to make an award of restitution and therefore no right to have the Defendants assets frozen pending a final adjudication of the Complaint in this matter.

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

4

Further, as to Defendant Jay Singh, as an individual, even if there were legal authority to restitution by the corporate entities, an individual is only held personally liable where the corporation is first held to be in violation of section 5 of the FTCA and then only if it can be proven that the individual (1) participated directly in the deceptive practices or had authority to control those practices, and (2) had or should have had knowledge of the deceptive practices. In this matter, Plaintiffs have not provided proof of the requisite facts to impose individual liability. Further, Defendant Singh has submitted his declaration in support of finding that he did not participate and did not have knowledge of the alleged violations of Section 5(a). Therefore, as to Singh, the court must not issue the order to freeze his personal assets.

## 2. STATEMENT OF FACTS

Plaintiff has set forth a Complaint for Permanent Injunction and Other Equitable Relief against numerous defendants including the three Defendants, two corporate – AFSS and USFFC, and one individual Defendant SINGH, who oppose only limited requests for permanent injunction in this brief.

In the Complaint, Plaintiff alleges that Defendant AFSS and USFFC "advertised, marketed, offered to provide, sold, or provided student loan debt relief services to consumers…" (Complaint paragraphs 7 & 14)

Further, as to Defendant SINGH, the Complaint alleges that he "holds himself out as the president, chief operating officer, and director of AFSS and USFFC …has formulated, directed, controlled, had authority to control, or participated in the acts and practices of AFSS and USFFC, including the acts and practices set forth in this Complaint. For example, Mr. Singh has opened a payment account using a Corporate Defendant's email address, is the point of contact for USFFC's website registration, and has responded to consumer complaints lodged with the BBB." (Complaint at para. 20) These allegations are conclusory and boilerplate and show no participation in the alleged violations of section 5 of the FTCA. There are no additional specific allegations of Singh's wrongdoing alleged in the Complaint.

Defendant SINGH has submitted a declaration in support of this opposition wherein he states that he was not involved in the sales operation or in the servicing of the clients or processing the

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

5

student loan consolidation applications and had no authority or control of either and did not have any personal knowledge of the scheme of deceptive and fraudulent practices in violation of the FTCA as alleged in the Complaint. There has been no evidence submitted in support of the ex parte application as to his involvement in the alleged scheme that would hold him personally liable for the acts of the corporation.

### 3. ARGUMENT AND AUTHORITY

Plaintiff has set forth the basis for the Complaint for permanent injunction and specifically a request for an order freezing defendants' assets as follows:

> "71. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.
>
> 72. Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the TSR, including the rescission or reformation of contracts, and the refund of money."

Recently in August 2019 the seventh circuit overturned a restitution award, overturning precedent and on the grounds that the statute, specifically Section 13(b) of the FTCA, 15 U.S.C. § 53(b) does not authorize such an award. Plaintiff relies upon the same statute in their request for permanent injunction and other relief, including an award of restitution, disgorgement of profits and damages.

Defendants request this Court to join in the decision in *FTC v. Credit Bureau Center, LLC*, et al. Case Nos. 18-2847 & 18-3310 (7th Cir. 2019) and find that the authority to issue the requested monetary relief, upon which the injunction to freeze assets is based, is not authorized by Section 13(b).

In reaching the conclusion that section 13(b) does not authorize the court to award restitution, the seventh circuit court in *FTC v. Credit Bureau Center, LLC* set forth the reason for overruling the circuit precedent as follows:

> By its terms, section 13(b) authorizes only restraining orders and injunctions. But the Commission has long viewed it as also authorizing awards of restitution. We

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

6

endorsed that starkly atextual interpretation three decades ago in *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 571 (7th Cir. 1989).

Since *Amy Travel*, the Supreme Court has clarified that courts must consider whether an implied equitable remedy is compatible with a statute's express remedial scheme. See *Meghrig c. KFC W, Inc*. 516 U.S. 479, 487-88 (1996). And it has specifically instructed us not to assume that a statute with 'elaborate enforcement provisions' implicitly authorizes other remedies. *Id.* at 487.

Applying *Meghrig*'s instructions, we conclude that section 13(b)'s grant of authority to order injunctive relief does not implicitly authorize an award of restitution. Every reason *Meghrig* gave for not finding an implied monetary remedy applies here. Most notably, the FTCA has two detailed remedial provisions that expressly authorize restitution if the Commission follows certain procedures. Our current reading of section 13(b) allows the Commission to circumvent these elaborate enforcement provisions and seek restitution directly through an implied remedy.

Stare decisis cannot justify adherence to an approach that Supreme Court precedent forecloses. Accordingly, we overrule *Amy Travel* and hold that section 13(b) does not authorize restitutionary relief. [footnote omitted] Because the Commission brought this case under section 13(b), we vacate the restitution award.

In the decision the court specifically addressed the distinction between what type of remedies are available under section 13(b), which language provided for injunctive relief, and other non-stated equitable remedies for past conduct. "Section 13(b) serves a different, forward-facing role: enjoining ongoing and imminent future violations." *FTC v. Credit Bureau Center, LLC, supra.*

Based on the forgoing, Defendants oppose the asset freeze orders. Such orders freezing Defendants assets serves no purpose other than to preserve the assets for an award of restitution or damage award. Defendants contend that there is no authority for restitution or damage award and therefore no good cause for an order freezing Defendants' assets.

Further, Plaintiff has also brought this request for injunctive relief under 15 U.S.C. 57(b). The remedies of restitution and/or damages are only available under 15 U.S.C. §57(b) with respect to those *knowing* violations of 45(b) *following* a final cease and desist order issued by the Commission and after notice of the final order as provided for in the Code. See 15 U.S.C. §57. Plaintiff did not proceed with the administrative remedies of a cease and desist order. Therefore, there is no remedy of restitution or

---

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

damages under section 57(b) upon which Plaintiff might prevail and no good cause to issue an injunction to freeze Defendants' assets under section 57(b).

### A. THERE IS NO INDIVIDUAL LIABILITY FOR DEFENDANT SINGH AND NO AUTHORITY TO FREEZE HIS ASSETS

In *FTC v. Ross* 743 F.3d 886 (4th Cir. 2014) the court set forth the following standard for individual liability:

> "We hold that one may be found individually liable under the Federal Trade Commission Act if she (1) participated directly in the deceptive practices or had authority to control those practices, and (2) had or should have had knowledge of the deceptive practices. The second prong of the analysis may be established by showing that the individual had actual knowledge of the deceptive conduct, was recklessly indifferent to its deceptiveness, or had an awareness of a high probability of deceptiveness and intentionally avoided learning the truth." *FTC v. Ross, supra*. at 892-893.

As outlined in his Declaration, SINGH was not engaged in or had authority to control either the sales and marketing or the servicing of the consumers. USFFC and AFSS both engaged Protel Info Serve Pty. Ltd. ("Protel") to supervise and conduct sales and marketing. Protel would use its discretion to select various call centers located in India to both generate leads and conduct the sales operation. Protel would provide the approved sales script and monitor the recorded sales calls by the various call centers. SINGH has provided the Receiver Thomas McNamara will a list of all call centers utilized by Protel.

Upon a consumer expressing interest in the student loan program during the sales call, either the call center or Protel would upload the consumer information into the 1File.org CRM, which would generate the Service Agreement to be signed by the consumer. Upon execution, 1File.org conducts the verification and sets up payments. All servicing of the consumer is conducted by 1File.org. See Decl. of J. Singh.

As outlined above, SINGH did not participate in or have the ability to control the generation of leads or the sales operation. This was all conducted by the call centers under the supervision of

DEFENDANTS OPPOSITION RESPONSE TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH

8

Protel. As outlined in the Complaint and Plaintiffs Exhibits 1 through 22, the servicing of the student loan program conducted was by 1File.org. Importantly, Plaintiff has alleged no facts or provided any evidence to support that SINGH either participated in or had authority over sales or servicing of the consumers.

The only knowledge SINGH had as to consumer complaints was responding to various consumer complaints filed with the Better Business Bureau. Over the course of four years, he reviewed and responded to approximately thirteen (13) complaints. In most cases, the responsible entity provided a refund to the client. Based on the number and nature of the complaints, he was not made aware of any deceptive practices. The complaints caused SIGNH to become aware of specific sales or service issues, which he addressed with the relevant party (Protel or 1File.org). However, the complaints represented a small number of the consumers who were engaged in the student loan program and usually involved discrete services issues.

Based on the Declaration of SINGH, and the lack of evidence to support the requisite participation and knowledge of the alleged deceptive practices, Plaintiff's request to have Defendant SINGH's assets frozen pending trial must be denied.

### 4. CONCLUSION

For all the reasons stated herein it is respectfully requested that the court deny Plaintiff's request to include that portion of the TRO in section III entitled ASSET FREEZE in the preliminary injunction as requested by Plaintiffs as to Defendants AFSS, USFFC, and SINGH.

DATED: November 12, 2019            WILLIAM R. MITCHELL, INC.

By: _____
William R. Mitchell
Attorneys for Defendants
AMERICAN FINANCIAL SUPPORT SERVICES, INC., US FINANCIAL FREEDOM CENTER, INC., JAY SINGH


## DECLARATION OF JAY SINGH

I, JAY SINGH do hereby state and declare as follows:

1. I am a resident of Danville, State of California. I am over the age of eighteen years and have personal knowledge of the matters set forth herein except as to those matters, I state on information and belief and as to those matters, I believe them to be true.

2. I have reviewed the Complaint for Permanent Injunction and Other Equitable Relief filed by the Federal Trade Commission ("FTC") which names me as an individual along with various other individuals and corporate entities. I make this declaration in support of the opposition to the request for a preliminary injunction against me.

3. The Complaint includes certain allegations in paragraph 20 of the Complaint which I understand to be conclusory and not based on specific facts. The conclusions alleged at paragraph 20 are in fact not true, except that I did establish a bank accounts for American Financial Support Services, Inc. ("AFSS") and US Financial Freedom Center, Inc. ("USFFC"), I am the contact person for the website for USFFC and I did respond to certain complaints filed with the Better Business Bureau ("BBB").

4. I did not participate in the alleged scheme of deceptive and fraudulent business practices. Specially, I did not participate in any manner with acts alleged in paragraphs 32, 33, 37, 38, 39, 42, 45, or 46 of the Complaint.

5. I did not have authority to control the alleged acts of others in the alleged scheme of deceptive and fraudulent business practices, specifically the acts of 1File.org.

6. USFFC and AFCC both engaged Protel Info Serve Pty. Ltd. ("Protel") to supervise and conduct sales and marketing for participation in student loan programs. Protel would use its discretion to select various call centers located in India to both generate leads and conduct the sales operation. Protel would provide the approved sales script and monitor the recorded sales calls by the various call centers. I was not involved in the selection or supervision of the call centers. I was not involved in the sales operation.

7. Upon a consumer expressing interest in the student loan program during the sales call, either the designated call center or Protel would upload the consumer information into the

1File.org CRM, which would generate the Service Agreement to be signed by the consumer. Upon execution, 1File.org conducts the verification call with the consumer and sets up payments. All servicing of the consumer is conducted by 1File.org. Neither AFSS nor USFFC participated in the servicing. I was not involved in any manner with the servicing and had no authority to control the servicing.

8. I did not have knowledge of the alleged scheme of deceptive and fraudulent business practices. Periodically, I would receive consumer complaints filed with the Better Business Bureau. Over the course of four years, I reviewed and responded to approximately thirteen (13) complaints. In most cases, the responsible entity provided a refund to the client. Based on the number and nature of the complaints, I did not observe any practice of deceptive practices. The complaints highlighted specific sales or service issues, which I addressed with the relevant party (Protel or 1File.org). The complaints represented a very small number of the consumers who were engaged in the student loan program. Based on the small number of complaints and the specific nature of the complaints, I was not alerted to any issue related to deceptive sales practice or a failure of 1File.org to provide appropriate and timely servicing of clients.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States.

Executed this 12th day of November 2019.

_____
JAY SINGH

<div style="text-align:center">**PROOF OF SERVICE**</div>

STATE OF CALIFORNIA )
)
COUNTY OF ORANGE )

    I am over the age of 18 and not a party to the within action. My business address is 101 Pacifica, Suite 155, Irvine, CA 92618. On the date below, I served the following document(s) described as: **DEFENDANTS OPPOSITION TO ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF SHOULD NOT ISSUE; DECLARATION OF JAY SINGH; AND PROOF OF SERVICE** on the interested parties to this action as follows:

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br>915 Second Avenue, Suite 2896<br>Seattle, WA 98174<br>(206) 220-6350 | FEDERAL TRADE COMMISSION<br>10990 Wilshire Boulevard, Suite 400<br>Los Angeles, CA 90024<br>(310) 824-4300 |

Attorneys for Defendants
FEDERAL TRADE COMMISSION

/ /   **By Federal Express.** I deposited in a box or other facility regularly maintained by the Federal Express carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents for delivery, the above-described documents, together with a copy of this proof of service, in an envelope or package designated by the said express service carrier, with delivery fees paid or provided for, and addressed as indicated above.

/X/   **By Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Irvine, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of affidavit.

/ /   **By Electronic Mail.** By transmitting true copies of the above named document(s) thereof by electronic mail from shelby@wrmbizlaw.com to the following e-mail addresses located on the service list.

/ /   **By Electronic Filing**. I sent this document via electronic filing system (CM-ECF), to the email addresses listed above.

/ /   **In Person.** I personally delivered the documents to the attorney.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Date: November 12, 2019

                                              _____
                                              Shelby Burt