STEPHEN T. FAIRCHILD
WA Bar No. 41214; sfairchild@ftc.gov
RICHARD MCKEWEN
WA Bar No. 45041; rmckewen@ftc.gov
FEDERAL TRADE COMMISSION
915 Second Avenue, Suite 2896
Seattle, WA 98174
Tel.: (206) 220-6350; Fax: (206) 220-6366

ROBERT J. QUIGLEY, Local Counsel
CA Bar No. 302879; rquigley@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel.: (310) 824-4300; Fax: (310) 824-4380

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civ. No. 8:19-cv-02109-JVS (ADSx) |
| Plaintiff, | **DECLARATION OF FTC COUNSEL RICHARD MCKEWEN REGARDING SUPPLEMENTAL DECLARATION OF DEFENDANT RUDDY PALACIOS** |
| v. | |
| AMERICAN FINANCIAL SUPPORT SERVICES INC., et al., | |
| Defendants. | Hearing Date: November 18, 2019<br>Hearing Time: 3:00pm<br>Courtroom 10C<br>Hon. James V. Selna |

I, Richard McKewen, hereby state that I have personal knowledge of the facts set forth below:

1.  I represent Plaintiff Federal Trade Commission in the above-captioned proceeding.  I submit this Declaration and the Attachment hereto to dispel any confusion that may arise as a result of the Supplemental Declaration of Ruddy Palacios filed on November 19, 2019.  Dkt. 70.

2.  As the Receiver noted in his Preliminary Report, Debt Pay Gateway, Inc. ("DGP") is a third-party account management company which receives, holds, and disburses funds on behalf of Arete's debt settlement customers. *See* Dkt. 57-1 at 17.

3.  On November 7, 2019, my co-counsel Stephen Fairchild and I spoke by telephone with counsel for DPG, Aaron Watts.  During our call, Mr. Watts explained that after Arete enrolls a consumer in a debt settlement program, the consumer makes regular payments to DPG.  DPG then distributes a portion of each payment to the consumer's creditors pursuant to the terms of any agreement with the creditors.  A portion of the consumer's payment is also remitted to Arete as fees for Arete's services.

4.  During the call, Mr. Watts asked for clarification regarding the reach of the asset freeze imposed by the TRO.  We explained that the FTC's position was that as consumer payments come in to DPG, DPG should continue disbursing funds to creditors so that consumers will not be adversely impacted, but that the portion of the payments destined for Arete should be frozen and held until DPG received instruction from the Receiver as to what to do with those funds.  Mr. Watts indicated that DPG would do that.

5.  Our telephone conversation with Mr. Watts was memorialized in an email exchange later that day.  A true and correct copy of that email exchange is annexed hereto as Attachment A.

6.  According to the Receiver's Preliminary Report, DPG is "currently holding approximately $5.3 million for the benefit of 7,778 customers."  Dkt. 57-1 at 17.  It is unclear at this time what portion of the $5.3 million are Arete's

1     accumulated fees and what portion are sums to be paid to consumers'

2     creditors.  In any event, if Arete's accumulated fees held by DPG were

3     unfrozen and released for Defendants Palacios, Hsu, Pomazi, or Carey Howe

4     to resume operations, then those individuals could, indeed, do with those

5     funds as they please.

6

7 I declare under penalty of perjury that the foregoing is true and correct.

8

9 Executed this 19th day of November, 2019, at Seattle, Washington.

10

11

12                     s/Richard McKewen

13                     Richard McKewen

                      Counsel for Plaintiff Federal Trade Commission

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of FTC Counsel Richard McKewen – 3

**McKewen, Richard**

| | |
|---|---|
| **From:** | Fairchild, Stephen |
| **Sent:** | Thursday, November 07, 2019 11:53 AM |
| **To:** | Aaron C. Watts |
| **Cc:** | McKewen, Richard; jdykstra@wattslawyers.com; Edward Chang; Jasmine Gonzalez |
| **Subject:** | Re: Debt Pay Pro/Arete Financial |

Aaron,

Yes, the FTC's position at present is that the Receiver would need to decide on the disposition of Fees in the event that a Customer requests the return of all Fees in his or her Account(s).

Thanks,
Steve

On Nov 7, 2019, at 11:44, Aaron C. Watts <awatts@wattslawyers.com> wrote:

Stephen - -

Thank you for your quick e-mail.  I wanted to clarify that there are also deposits being made into the individual debtor/consumer ("Customer") accounts with Debt Pay Gateway ("DPG") that received services from Arete Financial (the "Accounts").  These deposits are made by the Customer to fund their disbursements.  DPG will continue to account for each deposit and disbursement associated with the Accounts.  DPG will be "freezing" payment of fees from those Accounts to Arete Financial for the subject debt relief services ("Fees").  DPG is working on a way to separately account for those Fees so that in the future we can provide that information to the Receiver (and the FTC if requested).  However, the Fees will remain in the Accounts.  This brings up an issue that came up after we had our telephone call.  If the funds representing the Fees are left in the Accounts, they are technically owned by the Customer associated with that Account.  To that end, if a Customer requests their Account be closed and **all** funds located in their Account be returned to them, which could happen, **all** funds would necessarily include the Fees owed to Arete.  I expect you would agree we should be holding those Fees back if such a request from a Customer was made, until the Receiver decides what to do with them?  Please advise.

Thank you for your prompt attention to this matter.

Regards,

Aaron



2601 Main Street, Suite 980
Irvine, California 92614
(949) 622-8980 Main Line

(949) 622-8901 Facsimile
Email:awatts@wattslawyers.com

On Thu, Nov 7, 2019 at 10:05 AM Fairchild, Stephen <sfairchild@ftc.gov> wrote:
  Hello Aaron,

  Thank you for our phone call this morning. To review the understanding we reached, the FTC's
  position at this point is that Debt Pay Pro may disburse those portions of consumer accounts
  that are intended for payment to creditors as settlement for the consumers' debts. The portions
  of those accounts intended for payment to Arete Financial or related defendants will remain
  frozen pursuant to the asset freeze in the TRO entered by the Court.

  Please let me know if you have any questions or would like to discuss further.

  Best regards,
  Stephen Fairchild