## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

AMERICAN FINANCIAL SUPPORT SERVICES INC., et al.,

Defendants.

No. 8:19-CV-02109-JVS-ADS

**ORDER FOR PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, AND OTHER EQUITABLE RELIEF**

WHEREAS on November 4, 2019, Plaintiff Federal Trade Commission ("FTC") filed its Complaint for Permanent Injunction and Other Equitable Relief (Dkt. 1) pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101–6108; and

WHEREAS at the same time, the FTC filed an application pursuant to Fed. R. Civ. P. 65(b) for a temporary restraining order ("TRO"), asset freeze, appointment of a receiver, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants; and

WHEREAS on November 4, 2019, the Court issued the requested TRO (Dkt. 41) and ordered the Defendants to show cause why a preliminary injunction should not issue; and

WHEREAS the Court has considered the Complaint, declarations, exhibits, and memoranda submitted in support of the Plaintiff's application for a TRO and request for a preliminary injunction, any oppositions thereto, and the entire record herein;

IT IS THEREFORE ORDERED AS FOLLOWS:

## FINDINGS OF FACT

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties.

2. Venue lies properly in this Court.

3. Plaintiff FTC is likely to succeed on the merits of its claims that Defendants American Financial Support Services Inc.; Arete Financial Group, also d/b/a Arete Financial Freedom; Arete Financial Group LLC; CBC Conglomerate LLC, also d/b/a 1file.org; Diamond Choice Inc., also d/b/a Interest Rate Solutions; J&L Enterprise LLC, also d/ba Premier Solutions Servicing; La Casa Bonita Investments, Inc., f/k/a La Casa Bonita Investments LLC,also d/b/a Education Loan Network, also d/b/a Edunet; US Financial Freedom Center, Inc.; Carey G. Howe; Anna C. Howe; Shunmin "Mike" Hsu; Ruddy Palacios a/k/a Ruddy Barahona; Oliver Pomazi; and Jay Singh have engaged in, and are likely to engage in, acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. pt. 310, and Plaintiff is therefore likely to prevail on the merits of this action.

4. Plaintiff FTC is likely to succeed on the merits of its claim that Relief Defendant MJ Wealth Solutions, LLC, has received ill-gotten assets or

otherwise benefitted from funds that are the proceeds of Defendants' unlawful acts or practices, and that MJ Wealth Solutions has no legitimate claim to the ill-gotten assets in its possession.

5. Immediate and irreparable harm will likely result from Defendants' ongoing violations of the FTC Act and the TSR unless Defendants are restrained and enjoined by order of this Court.

6. Immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, disgorgement or refunds—will likely occur from the sale, transfer, destruction, or other disposition or concealment of their assets by Defendants and Relief Defendant MJ Wealth Solutions, and good cause therefore exists for freezing the assets of all Defendants and Relief Defendant MJ Wealth and issuing the ancillary equitable relief contained herein.

7. Good cause exists for appointing a permanent receiver over the Receivership Entities.

8. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, appointment of a permanet receiver, and other equitable relief is in the public interest.

9. This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57b; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

10. No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "**Corporate Defendants**" means:

    (1) American Financial Support Services Inc.;

    (2) Arete Financial Group, also d/b/a Arete Financial Freedom;

    (3) Arete Financial Group LLC;

    (4) CBC Conglomerate LLC, also d/b/a 1file.org;

    (5) Diamond Choice Inc., also d/b/a Interest Rate Solutions;

    (6) J&L Enterprise LLC, also d/ba Premier Solutions Servicing;

    (7) La Casa Bonita Investments, Inc., f/k/a La Casa Bonita Investments LLC, also d/b/a Education Loan Network, also d/b/a Edunet;

    (8) US Financial Freedom Center, Inc.;

and each of their subsidiaries, affiliates, successors, and assigns.

C. "**Debt Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, payments, or fees owed by a person to an unsecured creditor or debt collector.

D. "**Defendant(s)**" means Corporate Defendants, Individual Defendants, and Relief Defendant, individually, collectively, or in any combination.

E. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes,

telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

F.  "**ED**" means the United States Department of Education.

G.  "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

H.  "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

I.  "**Individual Defendant(s)**" means Carey G. Howe, Anna C. Howe, Shunmin "Mike" Hsu, Ruddy Palacios a/k/a Ruddy Barahona, Oliver Pomazi, and Jay Singh, individually, collectively, or in any combination.

J.  "**Receiver**" means the permanent receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the permanent receiver.

K.  "**Receivership Entities**" means (1) the Corporate Defendants and (2) any other entity that has conducted any business related to Defendants' marketing and sale of Debt Relief Services, including receipt of Assets

derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

L. "**Relief Defendant**" means MJ Wealth Solutions, LLC.

# ORDER

## I.  PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A.  misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1.  consumers who purchase Defendants' Debt Relief Services will have their monthly payments reduced to a lower, specific amount or have their loan balances forgiven in whole or in part;

2.  most or all of consumers' monthly payments to Defendants will be applied toward consumers' debts;

3.  Defendants will assume responsibility for servicing consumers' loans;

4.  Defendants are affiliated or work directly with ED or one of ED's authorized loan servicers;

5.  any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

and,

B.    requesting or receiving payment of a fee or consideration for Debt Relief Services before (a) Defendants have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer; and (b) the customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor.

## II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.    benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of

Civil Procedure and by any protective order in the case.

### III.   ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.   transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

    1.   owned or controlled, directly or indirectly, by any Defendant;

    2.   held, in part or in whole, for the benefit of any Defendant;

    3.   in the actual or constructive possession of any Defendant; or

    4.   owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

B.   opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.   incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bank card or corporate credit card account

for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.     cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include:  (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## IV.     DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any Financial Institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by personal service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been:  owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent

sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c) has extended credit to any Defendant, including through a credit card account, shall:

A.  hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.  deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.  provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1.  the identification number of each such account or Asset;

2.  the balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3. the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant;

and,

D. upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to each account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

*Provided, however*, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## V.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Plaintiff's counsel and the Receiver, to the extent not previously provided:

A. completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B. completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

## VI.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Defendant shall, to the extent not previously done:

    A.    provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

    B.    take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**;

    C.    transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

    D.    the same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the Financial Institution or other entity that is the recipient of such Documents or

Assets; and (2) serve this Order on any such Financial Institution or other entity.

## VII.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.    sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.    notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX.   PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers,

agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.  destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, spoliating, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.  failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.    RECEIVERSHIP

**IT IS FURTHER ORDERED** that Thomas W. McNamara, Esq. is appointed as permanent receiver ("Receiver") of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XII.   DUTIES AND AUTHORITY OF RECEiVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.   assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.   take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.   take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.   conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests

are now under the direction, possession, custody, or control of, the Receivership Entities. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E. obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts), by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

F. choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G. make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt

1    or obligation incurred by the Receivership Entities prior to the date of

2    entry of this Order, except payments that the Receiver deems

3    necessary or advisable to secure Assets of the Receivership Entities,

4    such as rental payments;

5    H.    take all steps necessary to secure and take exclusive custody of each

6    location from which the Receivership Entities operate their

7    businesses.  Such steps may include, but are not limited to, any of the

8    following, as the Receiver deems necessary or advisable:  (1) securing

9    the location by changing the locks and alarm codes and disconnecting

10   any internet access or other means of access to the computers, servers,

11   internal networks, or other records maintained at that location; and (2)

12   requiring any persons present at the location to leave the premises, to

13   provide the Receiver with proof of identification, and/or to

14   demonstrate to the satisfaction of the Receiver that such persons are

15   not removing from the premises Documents or Assets of the

16   Receivership Entities.  Law enforcement personnel, including, but not

17   limited to, police or sheriffs, may assist the Receiver in implementing

18   these provisions in order to keep the peace and maintain security.  If

19   requested by the Receiver, the United States Marshal will provide

20   appropriate and necessary assistance to the Receiver to implement this

21   Order and is authorized to use any necessary and reasonable force to

22   do so;

23   I.    take all steps necessary to prevent the modification, destruction, or

24   erasure of any web page or website registered to and operated, in

25   whole or in part, by any Defendants, and to provide access to all such

26   web page or websites to Plaintiff's representatives, agents, and

27   assistants, as well as Defendants and their representatives;

28

J. enter into and cancel contracts and purchase insurance as advisable or necessary;

K. prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L. make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M. institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N. issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O. open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

P. maintain accurate records of all receipts and expenditures incurred as Receiver;

Q. allow the Plaintiffs' representatives, agents, and assistants, as well as

Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.      allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.      cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.      suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.      if the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. *Provided, however*, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity;

V.      if in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations;

W.      if in the Receiver's judgment the business operations cannot be continued legally and profitably, make all reasonable efforts to protect the interests of consumers who have transacted business with the Receivership Entities, including consumers who are currently enrolled in debt payment programs serviced by the Defendants;

X.      apply to the Court for further instructions or directions; and

Y.      file timely reports with Court at reasonable intervals, or as otherwise directed by the Court, including as required by Local Rule 66-6.1.

## XIII.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other person with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      all Assets held by or for the benefit of the Receivership Entities;

B.      all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated,

including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.  all Documents of or pertaining to the Receivership Entities;

D.  all computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.  all Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.  all keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XIV.  PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver, to the extent not previously provided:

A.  a list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.  a list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership

Entities, or who have been associated or done business with the
Receivership Entities; and

C.     a description of any documents covered by attorney-client privilege or
attorney work product, including files where such documents are
likely to be located, authors or recipients of such documents, and
search terms likely to identify such electronic documents.

## XV.   COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities;
Defendants' or Receivership Entities' officers, agents, employees, and attorneys;
all other persons in active concert or participation with any of them; and any other
person with possession, custody, or control of property of or records relating to the
Receivership entities who receive actual notice of this Order shall fully cooperate
with and assist the Receiver.  This cooperation and assistance shall include, but is
not limited to, providing information to the Receiver that the Receiver deems
necessary to exercise the authority and discharge the responsibilities of the
Receiver under this Order; providing any keys, codes, user names and passwords
required to access any computers, electronic devices, mobile devices, and
machines (onsite or remotely) and any cloud account (including specific method to
access account) or electronic file in any medium; advising all persons who owe
money to any Receivership Entity that all debts should be paid directly to the
Receiver; and transferring funds at the Receiver's direction and producing records
related to the Assets and sales of the Receivership Entities.

## XVI.  NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities;
Defendants' or Receivership Entities' officers, agents, employees, attorneys, and
all other persons in active concert or participation with any of them, who receive
actual notice of this Order, and any other person served with a copy of this Order,
are hereby restrained and enjoined from directly or indirectly:

A.   interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.   interfering with the Receiver's efforts to determine whether any computers, electronic devices, mobile devices, and machines located onsite at the time of the immediate access are Assets belonging to the Receivership Entities;

C.   transacting any of the business of the Receivership Entities;

D.   transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.   refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A. filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B. commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; and

C. filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

*Provided, however*, that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII.   COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable

compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that, to the extent not already filed in compliance with the TRO, the Receiver shall file with the Clerk of this Court a bond in the sum of $5,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

## XX. ACKNOWLEDGMENT AND DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each Individual Defendant shall, within three (3) days of entry of this order, provide Plaintiff FTC with an acknowledgement of receipt of this Order sworn under penalty of perjury. Each Individual Defendant must also provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXI. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any Financial Institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XXII. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Stephen T. Fairchild
> Federal Trade Commission
> 915 Second Avenue, Suite 2896
> Seattle, WA 98174
> Tel.: (206) 220-4476
> Fax: (206) 220-6366
> Email: sfairchild@ftc.gov

## XXIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.


**IT IS SO ORDERED.**

Dated:  December 17, 2019

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE