William R. Mitchell (SBN: 101858)
WILLIAM R. MITCHELL, INC.
101 Pacifica, Suite 155
Irvine, CA 92618
Telephone: (949) 679-6920
Facsimile: (949) 398-7300
Email:  bill@wrmbizlaw.com

Attorney for Defendants, JAY SINGH,
American Financial Support Services, Inc. and US
Financial Freedom Center, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff;<br><br>      vs.<br><br>AMERICAN FINANCIAL SUPPORT SERVICES, INC.,<br><br>ARETE FINANCIAL GROUP, a corporation, also d/b/a Arete Financial Freedom,<br><br>ARETE FINANCIAL GROUP, LLC,<br><br>CBC CONGLOMERATE, LLC, also d/b/a 1file.org,<br><br>DIAMOND CHOICE INC., also d/b/a Interest Rate Solutions,<br><br>J&L ENTERPRISE LLC, also d/b/a Premier Solutions Servicing,<br><br>LA CASA BONITA INVESTMENTS, INC., f/k/a La Casa Bonita Investments LLC, also d/b/a Education Loan Network, also d/b/a Edunet,<br><br>US FINANCIAL FREEDOM CENTER, INC., a corporation, | CASE NO.:  SACV 19-02109 JVS (ADSx)<br><br>**ANSWER OF JAY SINGH, AMERICAN FINANCIAL SUPPORT SERVICES, INC. AND US FINANCIAL FREEDOM CENTER, INC. TO COMPLAINT** |

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

1

1  CAREY G. HOWE, individually and as an
   officer or manager of Arete Financial Group;
2  Arete Financial Group LLC; CBC Conglomerate
   LLC; and La Casa Bonita Investments, Inc.,
3
4  ANNA C. HOWE, individually and as an officer
   of CBC Conglomerate LLC,
5
6  SHUNMIN "MIKE" HSU, individually and as
   an officer or manager of Arete Financial Group;
7  Arete Financial Group LLC; CBC Conglomerate
   LLC; and La Casa Bonita Investment, Inc.,
8
9  RUDDY    PALACIOS    a/k/a    RUDDY
   BARAHONA, individually and as an officer of
10 Arete Financial Group; Arete Financial Group
   LLC; and Diamond Choice Inc.,
11
12 OLIVER POMAZI, individually and as an
   officer or director of Arete Financial Group;
13 Arete  Financial  Group  LLC;  and  J&L
   Enterprise, LLC, and
14
15 JAY SINGH, individually and as an officer of
   American Financial Support Services, Inc.,
16 and US Financial Freedom Center, Inc.,

17            Defendants,

18 MJ WEALTH SOLUTIONS, LLC,

19            Relief Defendant.

20
21 **TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

22      Defendants American Financial Support Services, Inc. ("AFSS"), US Financial

23 Freedom Center, Inc. ("USFFC") and Jay Singh ("Singh") answer the Federal Trade

24 Commission's complaint for injunctive and other equitable relief as follows:

25      1.    Defendants admit that the FTC is purporting to bring an action for injunctive

26 and other relief, but defendants deny the remainder of Paragraph 1.

27      2.    Defendants are without sufficient knowledge to form a belief as to the truth of

28 the allegations of Paragraph 2 and, on that basis denies the allegations.

## JURISDICTION AND VENUE

3.    Defendants admit that the FTC contends that this court has subject matter jurisdiction under various statutes.

4.    Defendants admit that the FTC believes that this case is properly venued under various statutes.

## PLAINTIFF

5.    Defendants admit that the FTC is an independent agency of the United States government created by statute.

6.    Defendants admit that the FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the TSR, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

## DEFENDANTS

7.    Defendants admit its incorporation and principal place of business and denies the remaining allegations of Paragraph 7.

8.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 8 and, on that basis denies the allegations.

9.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 9 and, on that basis deny the allegations.

10.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 10 and, on that basis deny the allegations.

11.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 11 and, on that basis deny the allegations.

12.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 12 and, on that basis deny the allegations.

13.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 13 and, on that basis deny the allegations.

14.    Defendant USFFC admits its incorporations and its principal place of business and denies the remaining allegations of Paragraph 14.

### Individual Defendants

15.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 15 and, on that basis deny the allegations.

16.    Defendant are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 16 and, on that basis deny the allegations.

17.    Defendant are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 17 and, on that basis deny the allegations.

18.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 18 and, on that basis deny the allegations.

19.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 19 and, on that basis deny the allegations.

20.    Defendant Singh admits that he is an officer and director of AFSS and USFFC and denies the remaining allegations of Paragraph 20.

### Relief Defendant

21.    Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 21 and, on that basis deny the allegations.

### COMMON ENTERPRISE

22.    Defendants do not have any common ownerships with any of the other defendants. There are no commons officers, directors or shareholders.  There was no commingling of funds with any of the other defendants. Defendants AFSS and USFFC solely had a contractual relationship with La Casa Bonita Investments, LLC dba 1File.org.  In addition to the above, defendants deny the allegations set forth in Paragraph 22 of the Complaint.

### COMMERCE

23.    Paragraph 23 alleges a legal conclusion as opposed to facts. As to defendants AFSS, USFFC and Singh, they deny the allegations set forth in Paragraph 23 of the Complaint.

24.    Paragraph 24 alleges facts that do not relate to Defendants and appear to be opinions and not facts as such defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and on that basis deny the allegations.

25.    Paragraph 25 alleges facts that do not relate to Defendants and appear to be opinions and not facts as such defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and on that basis deny the allegations.

26.     Paragraph 26 alleges facts that do not relate to Defendants and appear to be opinions and not facts as such defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and on that basis deny the allegations.

27.     Paragraph 27 alleges facts that do not relate to Defendants and appear to be opinions and not facts as such defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and on that basis deny the allegations.

28.     Paragraph 28 alleges facts that do not relate to Defendants and appear to be opinions and not facts as such defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and on that basis deny the allegations.

29.     Paragraph 29 alleges facts that do not relate to Defendants and appear to be opinions and not facts as such defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and on that basis deny the allegations.

30.     Paragraph 30 alleges facts that do not relate to Defendants and appear to be opinions and not facts as such defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and on that basis deny the allegations.

31.     Defendants AFSS, USFFC and Singh did not engage in any marketing to consumers and did not communicate to consumers and therefore Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     The contracts between the consumers and either 1File.org or AFSS or USFFC clearly indicate the nature of the services provided. Further, defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 33 and on that basis deny the allegations.

34.     Defendants AFSS, USFFC and Singh did not and were not responsible for providing services to consumers and therefore, Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny the allegations.

35.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 35 and, on that basis deny the allegations.

36.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 36 and on that basis deny the allegations.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants AFSS, USFFC and Singh did not engage in telemarketing and therefore Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny the allegations.

40.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 40 and on that basis deny the allegations.

41.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 41 and on that basis deny the allegations.

42.     Defendants AFSS, USFFC and Singh neither set the price for the services nor collected fees from consumers. Further, AFSS, USFFC and Singh were advised that consumers were not charged advanced fees. Therefore, defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 42 and on that basis deny the allegations.

43.     Defendants specifically deny any knowledge that 1File.org charged an up-front fee or utilized a third party to advance monies to fund the service fee.  Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 43 and on that basis deny the allegations.

44.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny the allegations.

45.     Defendants AFSS, USFFC and Singh were not directly involved in the enrollment of the consumer and never communicated with a consumer related to a power of attorney, therefore Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 45 and, on that basis deny the allegations.

46.     Defendants assert that the contract with the consumer that they reviewed contains a specific provision stating that the service provider is not affiliated with any governmental agency. Further, Defendants AFSS, USFFC and Singh were not involved in the enrollment of consumers and never provided of power of attorney to a consumer and never communicated with a consumer related to a power of attorney. The power of attorney at issued was drafted by and in the name of 1File.org. Therefore, defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 46 and on that basis deny the allegations.

47.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 47 and on that basis deny the allegations.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

### THE FTC ACT

49.     Paragraph 49 alleges a legal conclusion, as opposed to facts.

50.     Paragraph 50 alleges a legal conclusion, as opposed to facts.

### VIOLATIONS OF THE FTC ACT

### COUNT I

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

### THE TELEMARKETING SALES RULE

54.     Paragraph 54 alleges a legal conclusion, as opposed to facts.

55.     Defendants did not engage in any telemarketing and therefore, Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants did not sell or telemarket "debt relief services" therefore, Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Paragraph 57 alleges a legal conclusion, as opposed to facts.

58.     Paragraph 58 alleges a legal conclusion, as opposed to facts.

59.     Paragraph 59 alleges a legal conclusion, as opposed to facts.

60.     Paragraph 60 alleges a legal conclusion, as opposed to facts.

### VIOLATIONS OF THE TELEMARKETING SALES RULE

### COUNT II

61.     Defendants AFSS, USFFC and Singh neither charged nor collected fees from consumers, therefore, Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny the allegations.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

### COUNT III

63.     Defendants AFSS, USFFC and Singh did not engage in telemarketing and therefore, Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 63 and on that basis deny the allegations.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants AFSS, USFFC and Singh did not engage in telemarketing and therefore, Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 65 and on that basis deny the allegations.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

## COUNT V

67.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 67 and on that basis deny the allegations.

68.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 68 and on that basis deny the allegations.

69.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny the allegations.

## CONSUMER INJURY

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

71.     Paragraph 71 is an interpretation of various statutes, not a factual assertion. To the extent paragraph 71 is deemed to allege facts, defendants deny the allegations of paragraph 71.

72.     Paragraph 72 appears to contain a simple legal conclusion, as opposed to a factual assertion. To the extent paragraph 72 is deemed to allege facts, defendants deny the allegations of Paragraph

## AFFIRMATIVE DEFENSES

73.     As separate, distinct, and affirmative defenses, defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim)

74.     The complaint, and each count in the complaint, fails to state a claim or cause of action that would support the requested relief.

## SECOND AFFIRMATIVE DEFENSE (Lawfulness)

75.     The conduct complained of in the complaint is perfectly lawful and appropriate.

## THIRD AFFIRMATIVE DEFENSE (Statute of Limitations)

76.     The complaint addresses conduct that is barred by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE (Lack of Proximate Cause)

77.     The injuries alleged in the complaint were not proximately caused by the actions of the defendants.

### FIFTH AFFIRMATIVE DEFENSE (Lack of Materiality)

78.     The conduct alleged on the part of the defendants in the complaint does not constitute a material misrepresentation or omission, and to the extent there was any misrepresentation or omission, it was not material to a reasonable consumer. Defendants did not know and could not know using reasonable care that any alleged misrepresentation or omission would be material to a reasonable consumer.

### SIXTH AFFIRMATIVE DEFENSE (Uncertainty of Pleading)

79.     The complaint is uncertain, particularly in that it fails to distinguish between defendants, and otherwise. Additional affirmative defenses may be available and the right to add additional affirmative defenses as appropriate is expressly reserved.

### PRAYER FOR RELIEF

Therefore, defendants AFSS, USFFC and Singh, ask this court to:

a.   Deny all of the FTC's claims for relief;

b.   Deny the FTC's request for a preliminary injunction;

c.   Deny the FTC's request for a permanent injunction;

d.   Deny the FTC's request for rescission, reformation, restitution or refund and/or disgorgement of monies;

e.   Deny the FTC's request for costs;

f.   Award defendants' reasonable attorneys' fees and costs; and

g.   Award any further relief the court deems just and proper.

DATED: December 27, 2019          WILLIAM R. MITCHELL, INC.

By: _____
   William R. Mitchell
   Attorneys for Defendants
   *Jay Singh, American Financial Support Services*
   *Inc., and US Financial Freedom Center, Inc.*

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                                         )
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California, I am over the age of 18 years and not a party to the within action; my business address is 101 Pacifica, Suite 155 Irvine, CA 92618.

ON DECEMBER 27, 2019, I SERVED THE FOREGOING DOCUMENT DESCRIBED AS: **ANSWER OF JAY SINGH, AMERICAN FINANCIAL SUPPORT SERVICES, INC. AND US FINANCIAL FREEDOM CENTER, INC. TO COMPLAINT**

Said document was served on the interested party or parties in this action by placing a true copy thereof, enclosed in a sealed envelope, and addressed as noted below.

Stephen T. Fairchild                          Richard McKewen
FEDERAL TRADE COMMISSION     FEDERAL TRADE COMMISSION
915 Second Avenue, Suite 2896         10990 Wilshire Boulevard, Suite 400
Seattle, WA 98174                              Los Angeles, CA 90024
(206) 220-6350                                    (310) 824-4300

/ /    **By Federal Express.** I deposited in a box or other facility regularly maintained by the Federal Express carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents for delivery, the above-described documents, together with a copy of this proof of service, in an envelope or package designated by the said express service carrier, with delivery fees paid or provided for, and addressed as indicated above.

/X/   **By Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Irvine, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of affidavit.

/ /    **By Electronic Mail.** By transmitting true copies of the above named document(s) thereof by electronic mail from shelby@wrmbizlaw.com to the following e-mail addresses located on the service list.

/ /    **By Electronic Filing.** I sent this document via electronic filing system (CM-ECF), to the email addresses listed above.

/ /    **In Person.** I personally delivered the documents to the attorney.

1

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

Date:  December 27, 2019

3

                                                    Shelby Burt

4

                                              Shelby Burt

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---