Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bienertkatzman.com
Ariana Seldman Hawbecker, State Bar No. 190506
ahawbecker@bienertkatzman.com
Ali Matin, State Bar No. 268452
amatin@bienertkatzman.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Tel: (949) 369-3700
Fax: (949) 369-3701

Attorneys for Defendants
Carey G. Howe, Ruddy Palacios,
Shunmin Hsu, and Oliver Pomazi

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN FINANCIAL SUPPORT SERVICES INC., et al.,<br><br>    Defendants. | Case No. SACV 19-02109 JVS (ADSx)<br><br>Assigned to Hon. James V. Selna<br>Courtroom 10C<br><br>**DEFENDANT CAREY HOWE'S ANSWER TO THE FEDERAL TRADE COMMISSION'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Carey Howe ("Defendant"), by and through his undersigned counsel, responds to the complaint ("Complaint") filed by plaintiff the Federal Trade Commission ("FTC"), as follows.

## GENERAL RESPONSES

Except as expressly admitted herein, Defendant denies any and all material allegations in the Complaint. The numbered paragraphs of this answer correspond to the paragraphs numbered in the Complaint. To the extent the paragraphs in the Complaint are grouped under headings, Defendant responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

Further, the Complaint lumps together various entities and individuals and describes them all as "Defendants", falsely assuming that all "Defendants" were working together with knowledge and insight into each others' alleged actions. This renders each and every paragraph that does not specify the particular "Defendant" to which the alleged conduct pertains vague and ambiguous and impossible to answer other than to allege a lack of information and belief.

## RESPONSES TO SPECIFIC PARAGRAPHS

1. Defendant is without sufficient information or belief as to the FTC's authority for bringing this action under the statute cited in the first sentence as against all of the Defendants. Further, Defendant denies that the FTC has the authority to obtain the relief set forth in the first sentence, denies that he has violated the FTC Act and the Telemarketing Act, and denies that he engaged in "ongoing deceptive marketing and sale of student loan debt relief services."

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

3. Defendant admits the allegations in this paragraph of the Complaint.

4. Defendant admits the allegations in this paragraph of the Complaint.

5. The allegations in this paragraph are legal arguments or conclusions that do

not require a response. To the extent a response is required, Defendant denies those allegations.

6. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations. Defendant further specifically denies that the FTC has authority to seek rescission or reformation of contracts, restitution, the refund of monies paid, or disgorgement.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

8. Defendant admits that Arete Financial Group is a California corporation that did business as Arete Financial Freedom at the Dyer Road address until November 2019. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and denies them on that basis.

9. Defendant admits that Arete Financial Group is a California limited liability company that did business as Arete Financial Freedom at the Dyer Road address until November 2019 and that its original registration contained a typographical error in the word "Finacial" that was subsequently corrected by its dissolution in or about March 2018. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and denies them on that basis.

10. Defendant admits the first three sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in this paragraph and denies them on that basis.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

13. Defendant admits the first two sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth

in this paragraph and denies them on that basis.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

15. Defendant admits that he was a director of Arete Financial Group (a California corporation) and a member of Arete Financial Group, LLC. Defendant further admits that he resides in the Central District of California. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and denies them on that basis.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

17. Defendant admits that Mr. Hsu was an officer and director of Arete Financial Group (a California corporation) and a member of Arete Financial Group, LLC. Defendant further admits that Mr. Hsu resides in the Central District of California. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and denies them on that basis.

18. Defendant admits that Mr. Palacios was an officer and director of Arete Financial Group (a California corporation), a member of Arete Financial Group, LLC, and a director of Diamond Choice. Defendant further admits that he resides in the Central District of California. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and denies them on that basis.

19. Defendant admits that Mr. Pomazi was a member of Arete Financial Group, LLC. Defendant further admits that Mr. Pomazi resides in the Central District of California. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and denies them on that basis.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

21. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph and denies them on that basis.

22. Defendant denies the allegations in this paragraph.

23. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

35. Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in this paragraph and denies them on that basis.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

48. Defendant denies the allegations in this paragraph.

49. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those

allegations.

50. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

53. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

54. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

55. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

56. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

57. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

58. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

59. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those

allegations.

60. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

62. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

64. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

66. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and denies them on that basis.

68. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

69. The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

70. The allegations in this paragraph are legal arguments or conclusions that do

not require a response. To the extent a response is required, Defendant denies those allegations.

71.   The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations. Further, Defendant specifically denies that the FTC's authority to seek equitable remedies allows it to seek, and the Court to impose, all of the remedies set forth in the last sentence of this paragraph.

72.   The allegations in this paragraph are legal arguments or conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.  Further, Defendant specifically denies that the FTC's authority to seek equitable remedies allows it to seek, and the Court to impose, all of the remedies set forth in this paragraph.

## **PRAYER FOR RELIEF**

Defendant asserts that no response is required to the allegations in paragraphs A through E of the Prayer for Relief.  To the extent a response is required, Defendant denies the allegations and denies that the FTC is entitled to the relief requested.

## **AFFIRMATIVE DEFENSES**

Without admitting any wrongful conduct on Defendant's part, and without admitting Plaintiff or consumers have suffered and losses, damages, or injuries, or are entitled to any of the relief sought by way of the Complaint, Defendant alleges the following affirmative defenses.

By designating the following affirmative defenses, Defendant does not waive or limit any defense that are or may be raised in its denials, allegations, and averments set forth in this answer.  Certain affirmative defenses are asserted for completeness and refer to facts and proof that negate required elements of Plaintiff's claim.  By raising such defenses, Defendant does not admit that Plaintiff does not have the burden of proof for any and all facts underlying any of the names defenses or suggest that Defendant is required to carry the burden as to such elements.

These defenses are pled in the alternative, are raised to preserve the rights of Defendant to assert such defenses, and are without prejudice to Defendant's ability to raise other and further defenses. Defendant expressly reserves all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

### First Affirmative Defense

Plaintiff's claims, in whole or in part, fail to state claims upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiff's claims.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole and/or in part, because the alleged injuries and damages, if any, resulted from an intervening or superseding cause and/or causes.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole and/or in part, because the acts or omissions of other persons or entities, whether named or unnamed in the Complaint, over whom Defendant had no supervision or control and for whose actions and omissions Defendant has no legal responsibility, caused and/or contributed to the alleged damages.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### Sixth Affirmative Defense

The Complaint and each cause of action are barred because Plaintiff has failed to bring this action within the prescribed time period for bringing such actions under any and all applicable statutes of limitations.

### Seventh Affirmative Defense

Plaintiff is barred from recovery on the Complaint by the doctrine of unclean hands.

### Eighth Affirmative Defense

For each and all of the actions alleged in the complaint, Plaintiff has failed to make reasonable efforts to mitigate any and all alleged injuries and damages, if any, and is therefore barred from recovery.

### Ninth Affirmative Defense

Any and all damages alleged are set off by damages Plaintiff has cause to Defendant.

### Tenth Affirmative Defense

To the extent any alleged improper statement was made, such statements were not false or misleading statements of material facts but were instead good faith sales practices.

### Eleventh Affirmative Defense

Any alleged violations did not rise to the level of demonstrating a likelihood of repetition such that injunctive relief is appropriate.

### Twelfth Affirmative Defense

And alleged monetary relief should be offset by the benefit consumers received, including refunds and costs associated with services provided.

### Thirteenth Affirmative Defense

Defendant is not individually liable for the actions and/or omissions of others set forth in the Complaint because he lacked the knowledge, control, and/or authority to establish personal liability.

### Fourteenth Affirmative Defense

The Complaint fails to establish grounds to impose joint and several liability for the actions alleged therein.

### Fifteenth Affirmative Defense

The Defendants, including the Corporate Defendants, did not operate as a "common enterprise" and therefore Defendant is not liable for the actions and omissions of all other named Defendants.

### Sixteenth Affirmative Defense

The FTC lacks authority to seek the remedies requested, such as disgorgement, as they are not "equitable relief" as defined by statute.

### Seventeenth Affirmative Defense

Plaintiff is not entitled to any recovery from the Defendant because the alleged damages, if any, are speculative.

### Eighteenth Affirmative Defense

If Plaintiff is awarded any damages or recovers on any claims asserted in the Complaint, such an award would result in Plaintiff's unjust enrichment.

### Reservation of Rights

Defendant reserves the right to supplement this answer and to assert additional or different affirmative defenses based upon evidence or information developed in discovery or otherwise.

### PRAYER FOR RELIEF

In light of the foregoing, Defendant prays for judgment as follows:

1. That the Court enter judgment in favor of Defendant and against Plaintiffs on the Complaint;

2. That the Complaint and each claim contained therein be dismissed with prejudice as to Defendant;

3. That Plaintiff take nothing by reason of the Complaint against Defendant or otherwise impose any remedies that impact Defendant;

4. That the Court award Defendant his costs of suit incurred herein, including attorneys' fees; and

5. That the Court order such other and further relief as the Court may deem just and proper.

///

///

///

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action of all issues so triable.

Dated: December 27, 2019

BIENERT | KATZMAN PC

By: _____
Thomas H. Bienert, Jr.
Ariana Seldman Hawbecker
Ali Matin
*Attorneys for Defendants*
*Carey G. Howe, Ruddy Palacios,*
*Shunmin Hsu, and Oliver Pomazi*

# CERTIFICATE OF SERVICE

I, Garrison Giali, declare that I am a citizen of the United States and am employed in Orange County, California; my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673. I am over the age of 18 and not a party to the above entitled action. I am employed by a member of the United States District Court, and at whose direction I caused service of the following **DEFENDANT CAREY HOWE'S ANSWER TO THE FEDERAL TRADE COMMISSION'S COMPLAINT** on all parties in this action via the method of service described below.

[X]  **BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the EGovernment Act of 2002, which electronically notifies said parties in this case:

Stephen Fairchild
Richard McKewen
Federal Trade Commission
915 2nd Avenue, Suite 2896
Seattle, WA 98174
sfairchild@ftc.gov
rmckewen@ftc.gov

Thomas McNamara
Edward Chang
Sanjay Bhandari
McNamara Smith LLP
655 W. Broadway, Suite 1600
San Diego, CA 92101
echang@mcnamarallp.com
sbhandari@mcnamarallp.com

Robert Quigley
Federal Trade Commission
10990 Wilshire Blvd, Suite 400
Los Angeles, CA 90024
rquigley@ftc.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 27, 2019, at San Clemente, California.

_____
Garrison M. Giali