| | |
|---|---|
| 1 | Thomas H. Bienert, Jr., State Bar No. 135311 |
| 2 | tbienert@bienertkatzman.com |
|   | Ariana Seldman Hawbecker, State Bar No. 190506 |
| 3 | ahawbecker@bienertkatzman.com |
| 4 | Ali Matin, State Bar No. 268452 |
|   | amatin@bienertkatzman.com |
| 5 | BIENERT | KATZMAN PC |
|   | 903 Calle Amanecer, Suite 350 |
| 6 | San Clemente, California 92673 |
| 7 | Telephone: (949) 369-3700 |
|   | Facsimile: (949) 369-3701 |
| 8 | |
| 9 | Attorneys for Defendants |
|   | Carey G. Howe, Ruddy Palacios, |
| 10 | Shunmin Hsu, and Oliver Pomazi |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff<br><br>v.<br><br>AMERICAN FINANCIAL SUPPORT SERVICES INC., et al.<br><br>    Defendants | Case No. SACV 19-02109 JVS (ADSx)<br><br>Assigned to Hon. James V. Selna<br>Courtroom 10C<br><br>**STIPULATION TO MODIFY PRELIMINARY INJUNCTION ORDER TO PERMIT SHORT SALE OF DEFENDANT CAREY HOWE'S RESIDENCE** |

STIPULATION TO MODIFY PRELIMINARY INJUNCTION

Plaintiff, the Federal Trade Commission (the "FTC"), and defendant Carey Howe, by and through their respective attorneys of record, hereby stipulate as follows:

### RECITALS

A.  On November 4, 2019, the FTC filed a sealed *Complaint for Permanent Injunction and Other Equitable Relief* against Carey Howe and several other defendants.

B.  On December 17, 2019, the Court entered an *Order for Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief* ("PI Order").

C.  Among other things, the PI Order placed a freeze on the assets of Mr. Howe and other defendants, pursuant to Section III of the PI Order.

D.  Given the asset freeze and loss of income resulting from the PI Order, Mr. Howe is unable to continue making mortgage payments on his residence, located at 209 18th Street, Huntington Beach, California ("Residence"), and the first position lienholder of the Residence has requested that Mr. Howe agree to a short sale of the property.

E.  Mr. Howe understands that neither he nor his spouse will receive any net proceeds from the short sale of the Residence.

F.  Based on these representations, the FTC has agreed to modify the PI Order to permit the short sale of the Residence, provided that, to the extent there are any net sale proceeds flowing to Mr. Howe, such proceeds will be placed in the client trust account of Mr. Howe's attorneys and subject to the asset freeze in the PI Order.

G.  Accordingly, the parties agree and stipulate as follows:

[Stipulation on Following Page]

## STIPULATION

1. The PI Order shall be modified to permit the short sale of the Residence.

2. To the extent there are any unencumbered net proceeds available to Mr. Howe after the payment of liens, encumbrances, and costs associated with the short sale of the Residence, Mr. Howe shall cause such net proceeds to be placed in Bienert | Katzman PC's client trust account where they will be subject to the asset freeze in the PI Order until further Court order.

**IT IS SO STIPULATED.**

Dated: 1/3/2020

FEDERAL TRADE COMMISSION

By: _____
Richard McKewen
Stephen Fairchild
*Attorneys for the Plaintiff*
*Federal Trade Commission*

Dated: 1/3/2020

BIENERT | KATZMAN PC

By: _____
Thomas H. Bienert, Jr.
Ariana Seldman Hawbecker
Ali Matin
*Attorneys for Defendants*
*Carey G. Howe, Ruddy Palacios,*
*Shunmin Hsu, Oliver Pomazi*