STEPHEN T. FAIRCHILD
WA Bar No. 41214; sfairchild@ftc.gov
RICHARD MCKEWEN
WA Bar No. 45041; rmckewen@ftc.gov
FEDERAL TRADE COMMISSION
915 Second Avenue, Suite 2896
Seattle, WA 98174
Tel.: (206) 220-6350; Fax: (206) 220-6366

ROBERT J. QUIGLEY, Local Counsel
CA Bar No. 302879; rquigley@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel.: (310) 824-4300; Fax: (310) 824-4380

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FINANCIAL SUPPORT SERVICES INC., et al.,<br><br>Defendants. | Civ. No. 8:19-cv-02109-JVS (ADSx)<br><br>**PLAINTIFF FTC'S STATEMENT REGARDING PROPOSED ORDER REGARDING DEBT SETTLEMENT OPERATIONS OF DEFENDANT ARETE FINANCIAL GROUP, LLC** |

At the status conference held on Tuesday, January 21, 2010, this Court ordered counsel for Plaintiff Federal Trade Commission ("FTC") and Defendants Carey Howe, Shunmin Hsu, Ruddy Palacios, and Oliver Pomazi (collectively the "Arete Defendants") to meet and confer to develop an approach that would allow

1  the Arete Defendants to operate the debt settlement business of Defendant Arete

2  Financial Group, LLC ("Arete") as early as Monday, January 27, 2020, while

3  preventing the dissipation of Arete assets. Counsel for the FTC and the Arete

4  Defendants have met and conferred, by telephone and email, to develop a proposed

5  order to be submitted by the Court-ordered deadline of 12:00 p.m. today. *See* Dkt.

6  107. The parties have reached some areas of agreement, as reflected in the

7  accompanying Proposed Order. However, the parties are at an impasse over at least

8  two significant subjects: (1) whether the order should include a provision releasing

9  frozen funds from an Arete payroll bank account at Bank of America to pay

10 employees who worked for Arete prior to this Court's imposition of the Temporary

11 Restraining Order ("TRO," Dkt. 41), and (2) the appropriate extent of monitoring

12 and accounting over Arete's debt settlement operations.[1]

13      **1.      Release of Funds**

14      The Arete Defendants ask this Court effectively to modify the asset freeze

15 first ordered by the TRO, and renewed by the Court's Order for Preliminary

16 Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable

17 Relief (Dkt. 79). Based on records the FTC received from Bank of America in

18 response to notification of the asset freeze, this account contains approximately

19 $277,774.14 of funds collected by Arete during the common enterprise period

20 alleged in the FTC's Complaint. That is, the Arete Defendants request that the

21 Court release nearly $300,000 of funds that are currently held in trust for

22 consumers who lost money to the Arete Defendants' unlawful scheme.

23

24

25

26

27

28

[1] Areas of disagreement between the parties are highlighted in red in the Proposed Order, while areas of agreement are unhighlighted. The parties disagree on other subjects besides these two, which the FTC will be prepared to address at the continued status conference on January 24, 2020.

A defendant seeking to modify an injunction bears the burden of establishing that a significant change in facts or law justifies a revision. *Sharp v. Weston*, 233 F.2d 1166, 1170 (9th Cir. 2000); *see also Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1101 (9th Cir. 2006). Here, the Arete Defendants have not presented any change in facts or law that would justify revising the asset freeze, let alone a significant change. Nor can they: the former Arete employees are in exactly the same position as they were when the Court entered the preliminary injunction. Presumably for this reason, the Arete Defendants never raised the release of these funds at Tuesday's status conference, and it was never discussed by the Court or the parties. To the contrary, the Court ordered the parties to develop an approach that would allow Arete's debt settlement operations to resume *while preventing the funneling away of assets*. The Arete Defendants' proposal, which they first raised during the parties' telephonic meet-and-confer and Wednesday afternoon, would drain the Receivership Estate of almost $300,000 that is held in trust for potential consumer redress if the FTC prevails in this action. In addition, given the disarray of the Arete Defendants' accounting records and preliminary indications that student loan funds and debt settlement funds were extensively commingled, *see* Dkt. 57-3 Ex. 27 at 61–67 (report of forensic accountant), it is quite likely that releasing these funds would scatter unlawfully-gained consumer payments from the student loan operation with virtually no chance of recovery. That result is precisely the opposite of what the Court ordered.

Nor is it necessary for the compensation of Arete's debt settlement employees. The FTC has agreed to the Arete Defendants' proposal to set aside 25% of Arete's ongoing gross revenues from debt settlement operations to be placed in their counsel's client trust account, subject to the asset freeze. That leaves 75% of Arete's gross revenues to pay for Arete's ongoing business expenses, including employee payroll—a result that was bargained for and contemplated by

1   both sides. If the Arete Defendants choose in their business judgment to pay
2   employees for prior wages out of this 75%, the Proposed Order does not prohibit
3   them from doing so. To the extent that any Arete employees wish to recover back
4   pay for a certain period of work prior to imposition of the TRO, they may make a
5   claim against the Receivership Estate, a common procedure in government
6   enforcement actions where the Court has appointed a receiver. *See*, *e.g., SEC v.*
7   *Morriss*, No. 4:12-CV-00080-CEJ, 2017 WL 7805571, at *2 (E.D. Mo. June 16,
8   2017); *SEC v. Durmaz*, No. CV101689JSTAJWX, 2012 WL 13001583, at *1
9   (C.D. Cal. Feb. 9, 2012); *SEC v. Wealth Mgmt., LLC*, No. 09-C-506, 2010 WL
10  3701784, at *2 (E.D. Wis. Sept. 15, 2010); *CFTC v. Richwell Int'l, Ltd.*, 163 B.R.
11  161, 163 (N.D. Cal. 1994); *see also SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830,
12  840 (5th Cir. 2019) ("The Receiver is obliged to allocate receivership assets among
13  the competing claimants according to their respective rights . . . .")

14       For these reasons, the Court should reject the Arete Defendants' request to
15  modify the Preliminary Injunction to release nearly $300,000 in assets frozen for
16  potential consumer redress.

17       **2.    Monitoring and Accounting**

18       As the full extent of monitoring under this order, the Arete Defendants
19  propose only that the FTC be allowed to view the total gross revenues paid to
20  Arete by Debt Pay Gateway, Inc. The Arete Defendants contend that this is
21  sufficient to monitor Arete's finances. It plainly is not, and runs counter to the
22  Court's indication that robust monitoring is warranted given the FTC's legitimate
23  concerns about the Arete Defendants' dissipation of assets.

24       The Arete Defendants' proposal would give neither the FTC nor the
25  Receiver any insight into their business operations to ensure compliance with the
26  Order and Permanent Injunction, nor the ability to gain access to the Arete
27  Defendants' records and sworn testimony for purposes of monitoring their
28  compliance. Monitoring along these lines is a standard, non-negotiable feature of

1   final orders in FTC cases. Moreover, the FTC proposes that the Arete Defendants

2   certify under penalty of perjury that they are complying with the provisions of the

3   Order and Permanent Injunction. If the Arete Defendants truly intend to follow the

4   Court's orders, this modest requirement should pose no burden.

Respectfully submitted,

Dated:  January 23, 2020     /s/ Stephen T. Fairchild
                              Stephen T. Fairchild
                              Richard McKewen
                              Attorneys for Plaintiff
                              FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2020, I caused the foregoing Plaintiff FTC's Statement Regarding Proposed Order Regarding Debt Settlement Operations of Defendant Arete Financial Group, LLC to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

Respectfully submitted,

Dated:  January 23, 2020          /s/ Stephen T. Fairchild
                                   Stephen T. Fairchild
                                   Attorney for Plaintiff
                                   FEDERAL TRADE COMMISSION