Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bienertkatzman.com
Ariana Seldman Hawbecker, State Bar No. 190506
ahawbecker@bienertkatzman.com
Ali Matin, State Bar No. 268452
amatin@bienertkatzman.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendants
Carey G. Howe, Ruddy Palacios,
Shunmin Hsu, and Oliver Pomazi

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FINANCIAL SUPPORT SERVICES INC., et al.,<br><br>Defendants. | Case No. SACV 19-02109 JVS (ADSx)<br><br>Assigned to Hon. James V. Selna<br>Courtroom 10C<br><br>**HOWE, HSU, PALACIOS AND POMAZI'S STATUS REPORT RE DEBT SETTLEMENT OPERATIONS OF ARETE FINANCIAL GROUP LLC**<br><br>Date: January 24, 2020<br>Time: 8:00 a.m.<br>Location: Courtroom 10C |

At the conclusion of a hearing on January 21, 2020 concerning the servicing and control of Arete Financial, LLC's ("Arete") debt settlement customers that were affected by Arete's suspension of operations following service of the temporary restraining order in this action, the Court ordered Plaintiff, the FTC, and Defendants Howe, Hsu, Palacios, and Pomazi (collectively, the "Arete Individuals") to meet and confer regarding the servicing of those customers by the Arete Individuals.

Having met and conferred with the FTC, the Parties have agreed to certain terms whereas other proposed provisions remain in dispute. The FTC has filed a proposed order that highlights the areas the parties dispute.

The material matters to which the parties are in disagreement are addressed below and will be further addressed at the hearing on this matter:

**1. Notice to Customers**

The Arete Individuals do not agree with the onerous notice requirements the FTC seeks to impose upon them in giving notice to consumers. As previously briefed, the Complaint is bereft of any allegations concerning the operations of Arete's debt settlement business. *See, e.g.*, Dkt. 96. Instead, the Complaint is focused on student loan consulting practices. The FTC's notice provisions not only constitute an undue burden but will cause consumer confusion and have the tendency to lead to an unnecessary and unwarranted loss of current customers, thus resulting in decline of gross revenues.

**2. Accounting**

All of Arete's revenues will come from Debt Pay Gateway, which distributes "earned performance fees" to Arete after (1) Arete negotiates a settlement with a creditor on a consumer's behalf and (2) the consumer pays, via Debt Pay Gateway, at least one payment towards that settlement. *See* Dkt. 49-3, ¶¶4-5. The agreed-upon provisions of the proposed order contemplate 25% of these gross revenues will be set aside in an escrow account, which will satisfy concerns regarding asset dissipation. To ensure compliance with this order, the Arete Individuals can provide a monthly statement printed from Debt Pay Gateway for all funds paid to Arete from which the 25% of gross revenues may be calculated. To the

extent there is any question regarding this reporting, the FTC can verify those amounts with Debt Pay Gateway and the Arete Individuals will not object to such inquiry.

The FTC's proposed additional oversight is unreasonable, unwarranted, and unduly burdensome, and the rationale for such proposed oversight has not been explained. Neither the FTC nor the Receiver have demonstrated an understanding or expertise as to the intricacies of running Arete's debt settlement operations and—given the gross revenue set-aside agreed upon by the parties and lack of any allegations of wrongdoing in Arete's debt settlement business subject to FTC oversight—Arete's expenditures should not be subject to such onerous conditions. The FTC should not be permitted to dictate Arete's expenses given that expenses do not affect the 25% gross revenue set aside. Further, the imposition of such unduly burdensome and unnecessary requirements will cause the Arete Individuals to decline to resume operations because resumption will result in substantial costs and time expenditure, which will prevent them from focusing on the successful operations of the company.

**3. Paying Arete Employee Back Wages**

Arete's Bank of America bank account ending in 9768 contains a balance of $377,774.14, according to the Receiver's report. Dkt. 57-1 (Report 16:19–20). This represents employee payroll for the period prior to the Court's TRO.

The Arete Individuals have requested that these amounts be unfrozen to allow employees to be paid the salary that they earned. The FTC objects to this request and has suggested that the employees make a claim against the receivership estate instead. However, there is no procedure in the preliminary injunction order for employees to make payroll/salary claims. Moreover, it is unclear whether the Receiver plans to pay wage claims shortly or wait until the resolution of the case to do so, if at all. Further, requiring the employees to make a claim against the receivership estate presents an unnecessary and undue burden, particularly for employees who are unsophisticated with respect to the receivership process and have not been provided a mechanism, either by the FTC or the Receiver, by which to make wage claims.

2
STATUS REPORT

Finally, the Receiver and the FTC's objection to paying back wages is inconsistent with California wage payment laws, which, among other things, require (1) wages earned between the 1st and 15th days of any calendar month to be paid no later than the 26th day of the month during which the labor was performed and (2) wages earned between the 16th and last day of the month to be paid by the 10th day of the following month. Cal. Lab. Code § 204.

For the Arete Individuals to be able to successfully run its business and service its clients, it will likely have to rely on many of the employees who formally serviced the debt settlement accounts. However, those employees have little incentive to return given that they have not been paid back wages.

There is not a sound reason to prevent payment of wages in the amount of $377,774.14, which are monies that were set aside for this purpose prior to the TRO. No Arete Individual will be paid from this payroll account. They simply want employees to be treated fairly and receive their earned wages from the payroll account that was frozen because of the TRO, prior to being asked to work at Arete again.

**4. Future Debt Settlement Practices**

The only matter before the Court for hearing on January 21, 2020 was the disposition and servicing of current debt settlement clients of Arete, which the Receiver sought, with FTC's approval. Given the lack of any evidence of wrongdoing in the Arete Individuals' operation of Arete's debt settlement business, the future operations of Arete beyond the scope of the matters currently before the Court should not be the subject of this order. Instead, the Arete Individuals seek separate briefing regarding whether they may, at a future date, resume operations of Arete's debt settlement business beyond the servicing of previously enrolled clients.

///
///
///
///

| | |
|---|---|
| Dated: January 23, 2020 | BIENERT | KATZMAN PC |
| | By: */s/ Ariana Seldman Hawbecker* |
| | Thomas H. Bienert, Jr. |
| | Ariana Seldman Hawbecker |
| | Ali Matin |
| | *Attorneys for Carey G. Howe, Ruddy Palacios, Shunmin Hsu, and Oliver Pomazi* |

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and am employed in Orange County, California; my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673. I am over the age of 18 and not a party to the above entitled action.

I am employed by a member of the United States District Court, and at whose direction I caused service of the following **STATUS REPORT** on all parties in this action via the method of service described below.

**[X]     BY ELECTRONIC TRANSMISSION:** Pursuant to Fed. R. Civ. P. 5 and the controlling Local Rules, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the EGovernment Act of 2002, which electronically notifies said parties in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 23, 2020, at San Clemente, California.

*/s/ Garrison Giali*
Garrison M. Giali