# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FINANCIAL SUPPORT SERVICES INC., et al.,<br><br>Defendants. | Civ. No. 8:19-cv-02109-JVS (ADSx)<br><br>**ORDER REGARDING DEBT SETTLEMENT OPERATIONS OF DEFENDANT ARETE FINANCIAL GROUP, LLC** |

1. **Preamble.** Defendants Carey Howe, Shunmin Hsu, Ruddy Palacios, and Oliver Pomazi (the "Arete Defendants") together hold a controlling interest in Defendant Arete Financial Group, LLC ("Arete"). This Order concerns the interim servicing of certain consumer debt settlement accounts of Arete by the Arete Defendants pending final resolution of the above-captioned matter or other order of this Court.

2. **Definitions.** For the purpose of this Order, the following definitions shall apply:

    a. "Arete" means Defendant Arete Financial Group, LLC.

  b. "Arete Defendants" means Defendants Carey G. Howe, Shunmin "Mike" Hsu, Ruddy Palacios a/k/a Ruddy Barahona, and Oliver Pomazi, individually, collectively, or in any combination.

  c. "Client Trust Account" means the client trust account established at Bienert | Katzman PC.

  d. "CRM" means a customer relationship management database.

  e. "Current Clients" means the consumers who were enrolled in Arete's Debt Settlement Business as of the service of the TRO.

  f. "Debt Settlement Business" means that part of Arete's business that, at the time of service of the TRO, was devoted to consumer debt settlement, and the servicing function of which shall be resumed under this Order.

  g. "Preliminary Injunction" means the Order for Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief (Dkt. 79).

  h. "Receiver" has the same meaning it does in Section XI of the Preliminary Injunction.

  i. "TRO" means the *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. 41).

  j. "TSR" means the FTC's Telemarketing Sales Rule, 16 C.F.R. pt. 310.

 3. **Servicing.** Upon entry of this Order, the Arete Defendants and Arete may service Arete's Current Clients, and collect all fees paid by the Current Clients through Debt Pay Gateway, Inc. ("Gross Revenues"), provided that all such fees are in compliance with the TSR, and otherwise subject to the provisions listed below.

4.     **CRM Databases.** The Receiver is directed to take all necessary and appropriate measures to restore the Arete Defendants' and Arete's access to any CRM databases and other documents and information necessary to service Arete's Current Clients, except that the Arete Defendants and Arete shall not be permitted to access records of consumers related to Defendants' student loan debt relief operations. However, nothing in this order precludes, or is meant to preclude, the Arete Defendants from accessing such records for use in their defense in this litigation.

5.     **Websites.** Within three (3) days after entry of this Order, the Receiver shall remove the currently placed notice on the www.aretefinancial.org site. Instead, such notice shall be placed on the website www.aretefinancialfreedom.com. Arete and the Arete Defendants shall not modify content on these websites except to state the following on the website www.aretefinancial.org: "We apologize to any current debt settlement customers of Arete who may have had trouble reaching us during the temporary suspension of our debt settlement operations. We have now resumed servicing our existing debt settlement clients and are available at the number listed below." The Arete Individuals are unsure of the availability of Arete's prior phone number and therefore may modify the website to reflect any phone number subsequently assigned or available. To the extent that further modification may be necessary to clarify questions consumers may have, the Arete Defendants will meet and confer with the FTC regarding any proposed changes. If the parties cannot agree on any proposed modifications, the Arete Defendants shall seek Court permission prior to modifying these websites.

6.     **Domain Names.**  The Arete Defendants may have access to and use the domain name _____@aretefinancialfreedom.com for email communications consistent with this Order.

7. **Fees.** On the fifteenth day of each full calendar month after entry of this Order, the Arete Defendants and Arete shall cause twenty-five percent (25%) of the Gross Revenues to be placed in the Client Trust Account, where they shall be subject to the Asset Freeze. If the Court enters this Order prior to February 1, 2020, then 25% of the Gross Revenues collected in January 2020 shall be included in the first deposit into the Client Trust Account by March 15, 2020. Provided, however, that if 25% of Arete's Gross Revenues are less than $100,000 in a given calendar month between the period March 1, 2020 and February 28, 2021, the Arete Defendants and Arete shall nonetheless deposit $100,000 into the Client Trust Account for that calendar month, except that in no event shall the Arete Defendants use funds frozen by the Asset Freeze as any part of the $100,000.

8. **Accounting and Certification.** Beginning on March 15, 2020, and at least every thirty (30) days thereafter, the Arete Defendants shall provide the FTC and Receiver, through counsel, with an income and expense statement of Arete's Debt Settlement Business and an accounting detail of all income used in the calculation of Gross Revenues. Such statements may be generated by commercially-available accounting software such as QuickBooks. In addition, simultaneously with such accounting, the designated Chief Financial Officer or equivalent person knowledgeable and responsible for the accuracy of Arete's books and records shall submit a certification, sworn under penalty of perjury, that such accounting is complete and accurate to the best of their knowledge and belief.

9. **Asset Freeze and Third Party Funding.** The Arete Defendants and Arete shall not use any assets subject to the Asset Freeze in the Preliminary Injunction to resume servicing the Current Clients. Furthermore, prior to accepting any capital or funding from a third party or parties, the Arete Defendants must identify such third party(ies) to the Receiver and the FTC, identify the amounts funded and payment terms, and ensure that such third parties are not promised an


Case 8:19-cv-02109-JVS-ADS   Document 116   Filed 01/27/20   Page 5 of 6   Page ID #:3905

interest in, or any operational control, of Arete. The Arete Defendants are permitted to open new bank accounts to service the debt settlement operations.

10. **Notice.** Immediately upon resuming operations involving the contacting or servicing of Current Customers, Arete shall send all Current Customers, in the form of an email, a notification containing the following:

> *RE: A Message from Arete*
>
> *Dear Valued Customer,*
>
> *As you may be aware, Arete's operations were suspended temporarily due to a lawsuit filed by the Federal Trade Commission unrelated to their debt settlement operations. The Court has now authorized Arete to resume our debt settlement operations and the servicing of your accounts.*
>
> *However, please note the following important information:*
>
> *Our phone number has changed to (xxx) xxx-xxxx. If you have any questions, please call us during our regular business hours, Monday to Friday, 8AM-5PM PT. Our customer service representatives will be standing by to update you on the status of your accounts and existing settlements.*
>
> *We will continue to seek to ensure that existing settlements are being paid to your creditors through your custodial account with Debt Pay Gateway. Arete will also continue to collect fees on accounts we settle only after we settle the accounts, and an initial payment has been made to your creditor(s) under that settlement.*
>
> *In addition, under your customer agreement with Arete, you always reserve the right to terminate your agreement with us with 3-days' written notice, for any reason, and to have any funds in your custodial account returned to you.*
>
> *We apologize for any inconvenience the suspension of our business activities may have caused you but we remain committed to work hard to service your debt settlement needs and strive to alleviate your debt burdens.*


ORDER REGARDING DEBT SETTLEMENT OPERATIONS OF DEFENDANT ARETE FINANCIAL GROUP, LLC – 5

1      *If you have any questions, please feel free to contact us.*

3      11.    This Order is intended to remain in effect only for the duration of this action pending a final adjudication on the merits or other order of this Court. Nothing in this Order shall be construed to limit the type or scope of any other relief or final relief that the Court may enter at the conclusion of this action.

     12.    All other provisions of the Preliminary Injunction, including any modifications ordered by the Court, remain in full force and effect, except as provided by this Order.

**IT IS SO ORDERED.**

Dated: January 27, 2020

                                                 _____
                                                 Hon. James V. Selna
                                                 United States District Judge